IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Azze Sanany,<br><br>        Plaintiff,<br><br>    v.<br><br>Wells Fargo Bank, N.A.; First American Title Insurance Company,<br><br>        Defendants. | 2:11-cv-1460-GEB-KJN<br><br>ORDER[*] |

Defendant Wells Fargo Bank, N.A., ("Wells Fargo") removed this case from state court, arguing that federal question jurisdiction justified removal since several of Plaintiff's state claims arise under the federal Home Affordable Modification Program ("HAMP"). (Notice of Removal ("NOR"), ECF No. 1.)  However, Wells Fargo has not sustained its burden of showing the existence of removal jurisdiction.

"There is a strong presumption against removal jurisdiction, and the removing party has the burden of establishing that removal is proper." Lindley Contours, LLC v. AABB Fitness Holdings, Inc., 414 Fed. Appx. 62, 64 (9th Cir. 2011) (internal quotation marks omitted). Wells Fargo argues in its "Notice of Removal" that several of Plaintiff's state causes of action allege a violation of HAMP, and "while [the

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

claims are] couched in state law terms, [they] are federal in nature . . . ." (NOR 2:27-28.)

"The . . . 'well-pleaded complaint rule' . . . provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." California v. United States, 215 F.3d 1005, 1014 (9th Cir. 2000) (quoting Audette v. Int'l Longshoremen's & Warehousemen's Union, 195 F.3d 1107, 1111 (9th Cir. 1999)). "The [well-pleaded complaint] rule makes the plaintiff the master of [his] claim[s]; he . . . may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).

28 U.S.C. § 1331 prescribes that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "'Arising under' federal jurisdiction only arises . . . when the federal law does more than just shape a court's interpretation of state law; the federal law must be at issue." Int'l Union of Operating Eng'rs v. Cnty. of Plumas, 559 F.3d 1041, 1045 (9th Cir. 2009). "[A] case arises under . . . [federal law when] a right . . . created by [that law is] an element, and an essential one, of the plaintiff's cause of action." Id. at 1044 (quoting Gully v. First Nat'l Bank, 299 U.S. 109, 112 (1936)).

However, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 813 (1986). In addition, "[w]hen a claim can be supported by alternative and independent theories – one of which is a state law theory and one of which is a federal theory – federal question jurisdiction does not attach . . . ." Rains v. Criterion Sys., Inc., 80 F.3d 339, 346 (9th

1 | Cir. 1996). Here, "no federal question [is] presented merely because
2 | [some of Plaintiff's] state law claims may incorporate or turn upon
3 | allegations of HAMP violations." <u>Carlos v. Bank of America Home Loans</u>,
4 | No. 10-1966, 2011 WL 166343, at *1 (C.D. Cal. Jan 13, 2011); <u>see also</u>
5 | <u>Gretsch v. Vantium Capital, Inc.</u>, No. 11-2328, 2011 WL 6754079, at *2
6 | (D. Minn. Dec. 23, 2011) (citations omitted) ("[S]tate-law claims
7 | alleging violations of HAMP guidelines do not create federal question
8 | jurisdiction").

Since Wells Fargo has failed to sustain its burden of showing the existence of federal question removal jurisdiction, this case is remanded to the Superior Court of the County of San Joaquin from which it was removed for lack of subject matter jurisdiction. <u>See</u> 28 U.S.C. § 1447(c) (prescribing that the case shall be remanded "when it appears that the district court lacks subject matter jurisdiction . . . .").

Dated: January 24, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge

3